UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CHRISTOPHER KOLLIN,**

    **Plaintiff,**

                            **Civil Action 2:12-cv-627**
   **v.**                              **Judge Michael H. Watson**
                            **Magistrate Judge Elizabeth P. Deavers**

**NORTH AMERICAN BUS INDUSTRIES,**

    **Defendant.**

## REPORT AND RECOMMENDATION

Plaintiff filed this action on July 13, 2012.  Plaintiff has yet to perfect service on Defendant, and the time for him to do so pursuant to Rule 4(m) of the Federal Rules of Civil Procedure has expired.  This matter is before the Court for consideration of Defendant's November 14, 2012 Motion to Dismiss for Lack of Prosecution.  (ECF No. 3.)  In response to Defendant's Motion, on November 16, 2012 the Court directed Plaintiff to show cause why this action should not be dismissed.  (ECF No. 4.)   On November 29, 2012, Plaintiff filed his Response to Order to Show Cause.  (ECF No. 5.)  Defendant filed its Memorandum in Opposition on December 4, 2012.  Plaintiff's counsel indicated to the Court that he did not wish to reply to Defendant's Opposition.  For the reasons that follow, it is **RECOMMENDED** that Defendant's Motion be **GRANTED**, and that this case be **DISMISSED WITHOUT PREJUDICE**.

### I. STANDARD

Due process requires service of process in order for a court to obtain *in personam* jurisdiction over an individual defendant.  *Sawyer v. Lexington-Fayette Urban Cnty. Gov't*, 18

Fed. App'x 285, 287 (6th Cir. 2001) (citing *Amen v. City of Dearborn*, 532 F.2d 554, 557 (6th Cir. 1976). For service to be effective, a plaintiff must serve a defendant within the time period set forth in Federal Rule of Civil Procedure 4(m), which provides as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). As the language of the rule indicates, a court must extend the service time if a plaintiff demonstrates the existence of good cause for his failure to perfect timely service. *Bush v. City of Zeeland*, 74 Fed. App'x 581, 582 (6th Cir. 2003). The existence of good cause is a "discretionary determination entrusted to the district court." *Abel v. Harp*, 122 Fed. App'x 248, 251 (6th Cir. 2005); *see also Williams v. Smith*, 191 F.3d 454, 454 (6th Cir. 1999) ("The determination of whether good cause has been shown is left to the sound discretion of the district court and will not be disturbed on appeal absent an abuse of discretion."). In the absence of Sixth Circuit precedent on point, this Court has held that it may, in its discretion, extend the service period even in the absence of good cause. *Wise v. Dep't of Def.*, 196 F.R.D. 52, 56 (S.D. Ohio 1999); *see also Sprader v. Goodson*, No. C-2-00-946, 2001 WL 506528, *5-6 (S.D. Ohio Apr. 17, 2001) (acknowledging but declining to exercise its discretion to grant additional service time in the absence of good cause).

## II. ANALYSIS

Plaintiff has failed to demonstrate good cause for his failure to timely serve Defendant. In his Response to the Court's show cause Order, Plaintiff's counsel contends that counsel for Defendant left him a voice mail on July 31, 2012 offering to waive service. (P's Resp. 2, ECF

No. 5.) After Plaintiff's counsel neglected to respond to the call, counsel for Defendant left a second voice mail on August 8, 2012. *Id.* Plaintiff's counsel neglected to respond to that call as well. On November 8, 2012, three days before the deadline to perfect service, Plaintiff's counsel left defense counsel a voice mail inquiring whether defense counsel would still agree to waive service. *Id.* The next day, Plaintiff's counsel issued a Notice of Lawsuit and Request to Waive Service to Northwest Corporate Research as Defendant's agent for process. *Id.* at 3. Although it is incorrectly listed as Defendant's agent on the "Corporation Details" summary of the Ohio Secretary of State's website, Northwest Corporate Research is not Defendant's agent for service. Delivery to Northwest was thus unsuccessful. Defendant contends that Plaintiff's counsel could have easily determined its statutory agent if he had opened the link to Defendant's actual filing with the Secretary of State rather than relying on the summary page. (Def.'s Op. 3, ECF No. 6.)

On November 26, 2012, two weeks after the service deadline expired and ten days after the Court entered its show cause order, Plaintiff's counsel mailed defense counsel a Notice of Lawsuit, a copy of the Complaint, and a waiver of service form. (P.'s Resp. 2, ECF No. 5.) Plaintiff did not, however, enclose two copies of the wavier form or prepaid means for defense counsel to return the form as Rule 4(d)(1)(C) requires. Fed. R. Civ. P. 4(d)(1)(C); (Def.'s Op. 2, ECF No. 6.) Nor did Plaintiff's counsel's late mailing provide a reasonable time of at least thirty days for defense counsel to respond, as Rule 4(d)(1)(F) requires. Fed. R. Civ. P. 4(d)(1)(F) (Def.'s Op. 2, ECF No. 6.) Moreover, mailing the materials to defense counsel, rather than to Defendant's authorized agent, violated Rule 4(d)(1)(A)(ii). Fed. R. Civ. P. 4(d)(1)(A)(ii).

Under these circumstances, the Undersigned cannot conclude that good cause exists to excuse Plaintiff's failure to timely make service of process on Defendant. Plaintiff's counsel

3

failed to make reasonable, diligent efforts to timely perfect service.  *See Pearison v. Pinkerton's, Inc.*, 90 Fed. App'x 811, 813 (6th Cir. 2004) (affirming dismissal where the plaintiff "did not make a reasonable, diligent effort to timely effect service of process").  Indeed, defense counsel made more of an effort to ensure timely service than did Plaintiff's counsel.  Yet Plaintiff's counsel ignored defense counsel's efforts.  Plaintiff's counsel acted unreasonably not only in ignoring defense counsel's offers to waive service, but in waiting until three days before the service deadline to attempt any form of service.

The Undersigned does not find this case appropriate for the Court to exercise its discretion to extend the service time.  Plaintiff requests that the Court exercise its discretion to do so, arguing that an extension would not prejudice Defendant because Defendant knew about the lawsuit as early as July of this year.  (P's Resp. 3, ECF No. 5.)  Plaintiff's counsel also contends that he tried to serve Defendant through its agent on November 9, 2012.  But November 9th was just two days before the service deadline.  Plaintiff has offered no reasonable justification for waiting a mere forty-eight or seventy-two hours before the expiration of the service deadline to attempt service.  Nor has Plaintiff explained why he waited ten (10) days to attempt to address the issue as directed by this Court in its Show Cause Order.  Plaintiff has identified no other factors that warrant the application of this Court's discretion to extend service time.  In fact, Plaintiff chose not to reply to Defendant's Opposition to his Response to the Court's Show Cause Order, which is at least some evidence that Plaintiff has no interest in prosecuting this case.  The question of extending service time at this juncture is entirely within the discretion of this Court.  *Wise*, 196 F.R.D. at 56.  For the foregoing reasons, the Undersigned recommends that the Court decline to exercise its discretion in this case.

Accordingly, it is **RECOMMENDED** that Defendant's Motion to Dismiss for Lack of Prosecution be **GRANTED**, and that this case be **DISMISSED WITHOUT PREJUDICE**.

### III.  PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED.**

5

Date: December 6, 2012 /s/ *Elizabeth A. Preston Deavers*
Elizabeth A. Preston Deavers
United States Magistrate Judge