UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Christopher Kollin,

    Plaintiff,

v.                                      Case No. 2:12–cv–627

North American Bus Industries,     Judge Michael H. Watson
Inc.,

    Defendant.

## OPINION AND ORDER

Plaintiff in this diversity action asserts Defendant wrongfully terminated his employment in violation of Ohio's whistle blower statute, Ohio Revised Code § 4113.52 and Ohio public policy. Defendant moves to dismiss under Federal Rule of Civil Procedure 12(b)(5) on the ground that Plaintiff failed to serve the summons and complaint within 120 days. ECF No. 3. The Magistrate Judge issued a report and recommendation in which she recommends that the Court grant Defendants' motion to dismiss because good cause does not exist to excuse Plaintiff's failure to timely make service of process on Defendant, and the circumstances do not warrant a discretionary extension of the service deadline. ECF No. 7. Plaintiff objects to those findings. ECF No. 8. For the following reasons the Court **OVERRULES** Plaintiff's objections, adopts the report and recommendation, and dismisses this action without prejudice.

## I. BACKGROUND

Plaintiff filed this action on July 13, 2012. The Magistrate Judge fairly summarizes Plaintiff's efforts (or lack thereof) to obtain service as follows:

> In his Response to the Court's show cause Order, Plaintiff's counsel contends that counsel for Defendant left him a voice mail on July 31, 2012 offering to waive service. (P's Resp. 2, ECF No. 5.) After Plaintiff's counsel neglected to respond to the call, counsel for Defendant left a second voice mail on August 8, 2012. *Id.* Plaintiff's counsel neglected to respond to that call as well. On November 8, 2012, three days before the deadline to perfect service, Plaintiff's counsel left defense counsel a voice mail inquiring whether defense counsel would still agree to waive service. *Id.* The next day, Plaintiff's counsel issued a Notice of Lawsuit and Request to Waive Service to Northwest Corporate Research as Defendant's agent for process. *Id.* at 3. Although it is incorrectly listed as Defendant's agent on the "Corporation Details" summary of the Ohio Secretary of State's website, Northwest Corporate Research is not Defendant's agent for service. Delivery to Northwest was thus unsuccessful. Defendant contends that Plaintiff's counsel could have easily determined its statutory agent if he had opened the link to Defendant's actual filing with the Secretary of State rather than relying on the summary page. (Def.'s Op. 3, ECF No. 6.)
>
> On November 26, 2012, two weeks after the service deadline expired and ten days after the Court entered its show cause order, Plaintiff's counsel mailed defense counsel a Notice of Lawsuit, a copy of the Complaint, and a waiver of service form. (P.'s Resp. 2, ECF No. 5.) Plaintiff did not, however, enclose two copies of the wavier form or prepaid means for defense counsel to return the form as Rule 4(d)(1)(C) requires. Fed. R. Civ. P. 4(d)(1)(C); (Def.'s Op. 2, ECF No. 6.) Nor did Plaintiff's counsel's late mailing provide a reasonable time of at least thirty days for defense counsel to respond, as Rule 4(d)(1)(F) requires. Fed. R. Civ. P. 4(d)(1)(F) (Def.'s Op. 2, ECF No. 6.) Moreover, mailing the materials to defense counsel, rather than to Defendant's authorized agent, violated Rule 4(d)(1)(A)(ii). Fed. R. Civ. P. 4(d)(1)(A)(ii).

R & R 3, PAGEID # 44, ECF No. 7.

## II. STANDARD OF REVIEW

"The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## III. DISCUSSION

Plaintiff argues good cause exists for his failure to timely serve Defendant. In the alternative, he contends the Court should grant a discretionary extension even in the absence of good cause. In essence, Plaintiff blames Defendant for his failure to effect service in a timely manner. Specifically, he notes Defendant's counsel indicated Defendant would waive service, and the Ohio Secretary of State's website lists an incorrect address for Defendant's statutory agent.

Federal Rule of Civil Procedure 4(m) governs this matter and provides as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). This Court has adopted the position that even when a plaintiff fails to demonstrate good cause for the failure to timely serve the

defendant, the Court may still grant a discretionary extension if the circumstances warrant doing so. *Royster v. Mohr*, No. 2:11–cv–1163, 2013 WL 827709, at *2 (S.D. Ohio Mar. 6, 2013); *Wise v. Dept. Of Defense*, 196 F.R.D. 52, 56 (S.D. Ohio 1999). Hence, the Court must first determine whether good cause exists for the failure to serve Defendant within the specified time. If good cause exists, the Court must grant a reasonable extension. Fed. R. Civ. P. 4(m). If, however, good cause is lacking, the Court must still consider whether it should exercise its discretion and grant an extension. *Royster*, 2013 WL 827709, at *2; *Wise*, 196 F.R.D. at 56.

Defense counsel's indication that Defendant would waive service of process, and the incorrect address for Defendant's statutory agent on the Ohio Secretary of State's website, do not constitute good cause for Plaintiff's failure to serve Defendant in a timely manner. Rule 4(m) provides a plaintiff a generous 120 days to effect service precisely to give a plaintiff time to overcome such routine hurdles. If Plaintiff's counsel had initiated efforts to serve Defendant sooner, the incorrect address on the Secretary of State's website would not have prevented Plaintiff from serving Defendant before the expiration of the 120 days. Likewise, the assurance by Defendant's attorney in late July and early August 2012 that Defendant would waive service does not excuse the failure of Plaintiff's counsel to respond to Defendant's counsel until November 8, 2012, only three days before the 120 day period expired, nor does it show cause for the failure of

Plaintiff's counsel to wait until two weeks after the allotted time expired to send defense counsel a waiver of service form. In short, good cause does not exist for Plaintiff's failure to timely serve Defendant.

The Court must next consider whether to exercise its discretion and grant an extension of time to serve Defendant despite the lack of good cause. If Plaintiff's efforts to obtain service within the specified time were even arguably diligent, the Court might be inclined to grant a discretionary extension. They were not. Plaintiff gives no reason for his counsel waiting until three days before the expiration of the deadline to make any effort to serve Defendant. In these circumstances, a discretionary extension is not warranted, because granting such an extension might encourage plaintiffs to wait until days before the 120 day period expires to begin efforts to initiate service.

In sum, the Court holds that good cause does not exist to excuse Plaintiff's failure to timely serve Defendant within 120 days as required by Rule 4(m), and given the circumstances of that failure, the Court declines to grant a discretionary extension.

## IV. DISPOSITION

For the above reasons, upon *de novo* review, the Court **OVERRULES** Plaintiff's objection to the Magistrate Judge's report and recommendation. ECF No. 7. The Court **ADOPTS** the Magistrate Judge's recommendation and **DISMISSES** this action without prejudice for failure to timely effect service of

process on Defendant.

**IT IS SO ORDERED.**

_____
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**